Roberts *v.* Plaisted.

--------◄·►--------

CHARLES H. ROBERTS *vs.* JOHN T. PLAISTED.

*Deceit.   Exceptions.   Practice.*

Exceptions will not be sustained because the presiding judge declines to adopt the precise language of a requested instruction, though it be pertinent and correct, if instructions substantially equivalent and equally intelligible are given.

When the testimony does not exhibit any want of ordinary care on the part of the plaintiff in an action of deceit, but the reverse, the jury may properly be instructed that it will not relieve the defendant from liability to come into court now, and say to the plaintiff "if you had exercised more diligence and circumspection, it would have frustrated my plan for deceiving you, and therefore you cannot recover."

And in such a case it is not necessary to instruct the jury though requested thereto, that the plaintiff was bound to use ordinary diligence and care to ascertain the truth independently of the defendant's representations, for the reason that when the statement of an abstract rule, however correct, is not pertinent to the case presented by the testimony, it ought to be withheld as tending only to mislead and confuse.

ON EXCEPTIONS.

The plaintiff purchased of the defendant a farm in Biddeford, on the sixth day of March, 1868, having examined the premises

the previous month, alone, and with his father and uncle. At the time of these examinations the defendant professed himself unable, by reason of ill-health, to accompany them over the ground, but stated, in reply to inquiries about the boundaries, that if they kept between the fence and the creek they could not get off his land. The plaintiff's uncle wrote the conveyance between these parties, and, in obtaining the description, asked if the bounds stated orally, and contained in old deeds brought forward by Mr. Plaisted, included all the land they had been over, and all between the creek and the fence, and Mr. Plaisted replied that it did, and more too, because there was a heater piece down by the creek which was outside the fence. Between the creek and the fence, as it then stood, was a parcel of land, called "the Hooper lot," for which the defendant had bargained, and paid the price, but had taken the note of the owner instead of a deed, saying that, as he (Plaisted) proposed to sell his farm, it would be as well for Mr. Hooper to make a deed direct to Plaisted's vendee, then take up his note; and Hooper had once executed such a conveyance, at Plaisted's request, but it was not used, owing to a failure to complete the sale of the farm. This lot, of course, was not specified in the old deeds by which Plaisted took title, and which he furnished to the scrivener as containing the data for a proper description of the estate to be conveyed. The defendant denied using the language attributed to him, but said he directed the plaintiff and his relatives to follow the fence down to the creek, and that he referred to an old fence, different from that to which the plaintiff supposed the land extended. This old fence had long fallen into decay, and its ruins were covered up with snow at the time of the plaintiff's perambulation of the boundaries. The deed from the defendant to the plaintiff did not convey the Hooper lot, the title to which never was in Plaisted, but only conveyed lands which Mr. Plaisted had purchased of his grandfather and brother, whose deeds were referred to in that to Mr. Roberts. In the June following his purchase, the plaintiff discovered that he had no claim to the Hooper lot, and after several ineffectual efforts to

have the mistake rectified, brought this action, Dec. 22, 1868, to recover damages for the fraud and deceit practiced upon him relative to the boundaries of this land.

The presiding justice, in the course of his charge, instructed the jury: "I do not apprehend, gentlemen, there is any question here as to the intention of the grantor in making the deed, at the time he made and delivered it. He declares it to be his intention to convey this piece of land which he received from his grandfather and brother; which declaration is written down in the deed in the presence of the plaintiff, and accepted by him. So far, then, as the intention of the party making the conveyance, and the intention of the party inquiring as to the extent of the premises, are concerned, there is no dispute. What the plaintiff says is, that, though Plaisted's intention was only to convey these two pieces named, he led Roberts to believe that the deed embraced another piece of land, and that he did this fraudulently, for the purpose of deceiving the plaintiff, who brings this action to recover for the injury thereby sustained. This should be borne in mind, because to determine this case upon the defendant's intention in making this conveyance might not bring you to the true result, since it is quite apparent that it was his intention to convey what he did convey, and nothing more." In another portion of the charge, the judge remarked: "If the plaintiff saw fit to take his deed upon the representations of the defendant, as to what pieces of land lie within a certain description, and the defendant saw fit to make such representations, it will not relieve the defendant from liability to come into court now and say, 'if you had exercised more diligence, more care, more circumspection, it would have frustrated my plans for deceiving you, and therefore you cannot recover.'"

The following instructions were requested by the defendant: "That it is incumbent upon a party purchasing real estate to use ordinary diligence and care in ascertaining the boundaries of the land he purchases, and if he does not he cannot recover in an action for deceit relative to such boundaries." This the judge declined to give, except as already given in his charge. The next

request was, substantially, that if Mr. Plaisted used the language imputed to him, but intended to apply it to the old fence between his land and the Hooper lot, while Mr. Roberts understood him to mean the other fence, across the Hooper lot, and bought with this understanding, then he cannot recover. This the judge declined to give, as requested, but said: "If Mr. Plaisted said, 'you keep between the fence and the creek, and you can't get off my land,' and meant the fence that enclosed the Hooper lot—if any fence was there—the plaintiff cannot recover, because there was then no intention to deceive or defraud him. The whole question comes up, was there an intention to deceive and defraud by making false representations."

The plaintiff obtained a verdict, and the defendant excepted.

*S. K. & B. F. Hamilton*, for the defendant.

*Wedgewood & Stone*, for the plaintiff, cited *Martin* v. *Jordan*, 60 Maine, 531.

BARROWS, J. The plaintiff claims that the defendant falsely and fraudulently misrepresented to him the boundaries of a farm which he was purchasing of the defendant, and at the trial offered testimony strongly tending to prove that the defendant told him that his land included all between a certain creek and the fence. The statement was not true. Between the fence and the creek was a piece of land containing a number of acres belonging to another party.

The defendant had once bargained with the owner for the purchase of this piece and advanced to him the price agreed on, taking the note of the owner for the amount instead of a deed of the land. This arrangement subsisted for some time, and the fence which had been maintained between this piece and the defendant's farm had gone to decay, and the defendant's cattle were pastured there.

At the time that the plaintiff examined the premises the remains of the fence would seem to have been covered with snow and invisible.

Roberts v. Plaisted.

The defendant denied making the representation, but the preponderance of proof was strongly against him. His counsel claimed that if any fence was referred to it was the old one nearly obliterated between this piece and defendant's farm. The jury were carefully instructed, though not in the precise terms of the defendant's request, that if he honestly meant that fence (if any fence was there) the plaintiff could not recover because the intent to deceive would be wanting.

Exceptions will not be sustained because the presiding judge declines to adopt the precise language of a requested instruction, though it be pertinent and correct, if instructions substantially equivalent and equally intelligible are given.

The defendant further excepts to an instruction, the substance of which was that "if the plaintiff took his deed relying upon the representations of the defendant as to what pieces of land were included in the description, and the defendant made such representations, it will not relieve the defendant from liability to come into court now and say to the plaintiff, 'if you had exercised more diligence and care and circumspection, it would have frustrated my plan for deceiving you and therefore you cannot recover;'" and to the refusal of the judge to give an instruction, requested in various forms, substantially amounting to this: that "the plaintiff was bound to use ordinary diligence and care to ascertain the boundaries of the farm he was purchasing independently of the defendant's representations, and if he did not, he could not recover."

The exceptions state that this was refused "except as given in the charge." The exceptions do not state what the instructions given in the charge upon this point were. But if we assume that the one above quoted and excepted to was the only one, we must still hold, in view of the whole evidence which is reported, and which we have carefully examined, that the judge was justified in withholding the statement of an abstract principle of law, which however correct, was not pertinent to the case presented by the testimony There is no testimony in the case which would

Saco Nat. Bank *v.* Sanborn.

justify the jury in finding a want of ordinary care on the part of the plaintiff in the particular named. The representations seem to have been of a character to mislead not only him, but his father and uncle, who went with him at one time · to examine the premises.

There is no room for a question about a mistake as to which fence was intended. Under the instruction given the jury must have found that the defendant intended to point out the fence which included the Hooper lot with the farm. The language of the description in the deed is not such as to lead any person of ordinary education and intelligence to suspect that the representation as to the boundary upon the face of the earth was untrue.

When there is no testimony in a case to which the statement of the abstract rule can properly apply, its enunciation by the judge upon the request of counsel can only tend to mystify and mislead, and it is rightfully withheld.        *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.